1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEREMY SCOTT EICKENHORST,              No.  2:12-cv-2363 DAD P

12                    Petitioner,

13        v.                                ORDER

14   CONNIE GIPSON, Warden,

15                    Respondent.

16

17        Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

19                              **BACKGROUND**

20        In his petition for writ of habeas corpus, petitioner challenges a judgment of conviction

21   entered against him on May 27, 2009, in the San Joaquin County Superior Court for lewd acts

22   upon a child.  Pursuant to that conviction petitioner was sentenced to 75 years to life in state

23   prison.  On June 17, 2011, the California Court of Appeal for the Third Appellate District

24   affirmed his judgment of conviction, and on September 14, 2011, the California Supreme Court

25   denied review.  (Pet. at 2-3.)

26        In the pending habeas petition before this court, petitioner claims that:  (1) the willful

27   destruction of evidence in his case constituted a violation of due process; (2) his sentence of 75

28   /////

                                      1

1  years to life in state prison is cruel and unusual punishment; and (3) petitioner's right to due

2  process and a fair trial were violated by the lead detective in the case.  (Pet. at 6-9.)

3  **EXHAUSTION OF STATE COURT REMEDIES**

4       Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of

5  habeas corpus.  28 U.S.C. § 2254(b)(1).  Exhaustion may only be waived explicitly by

6  respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion may not be implied or

7  inferred.  Thus, state courts must be given the first opportunity to consider and address a state

8  prisoner's habeas corpus claims.  See Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose

9  v. Lundy, 455 U.S. 509, 518-19 (1982)); King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) ("Habeas

10  petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust'

11  them - before seeking relief in federal court."); Farmer v. Baldwin, 497 F.3d 1050, 1053 (9th Cir.

12  2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a

13  meaningful opportunity to consider allegations of legal error' before a federal habeas court may

14  review a prisoner's claims.") (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)).   A

15  petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all

16  federal claims before presenting the claims to the federal court.  See Baldwin v. Reese, 541 U.S.

17  27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276

18  (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008).

19  **DISCUSSION**

20       In this case, counsel for petitioner acknowledges that petitioner did not previously raise

21  his current third ground for habeas relief either on appeal or in any petition for writ of habeas

22  corpus he filed in state court.  (Pet. at 10 & 13.)  This court cannot grant habeas corpus relief

23  based on a "mixed" petition, containing both exhausted and unexhausted claims.  As such, the

24  court will grant petitioner thirty days to inform the court how he wishes to proceed after

25  considering the following three options:

26       (1) First, because there is a "mixed" petition before this court containing both exhausted

27  and unexhausted claims, petitioner may elect to seek a stay and abeyance order.  Such an order

28  would allow petitioner to return to state court to exhaust ground three of his petition.  The United

2

States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King, 564 F.3d 1133.

(2) Second, petitioner may elect to abandon ground three of his petition without seeking a stay and abeyance order and proceed solely on his first two purportedly exhausted claims.

(3) Finally, petitioner may move to voluntarily dismiss this action and complete exhaustion of ground three of his petition and then file a new federal petition presenting all of his exhausted claims.  As counsel is aware, however, this is a potentially risky option since if petitioner were to choose it, any future federal petition for writ of habeas corpus may very well be time barred.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall file either: (1) a motion for a stay and abeyance; (2) a motion to dismiss ground three of his petition; or (3) a motion to voluntarily dismiss this action.

Dated:  January 28, 2014

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
eick2363.exh

3