UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SCOTT EICKENHORST, | No. 2:12-cv-2363 DAD P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| CONNIE GIPSON, | |
| Respondents. | |

  Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In accordance with the court's January 29, 2014 order, counsel has filed a motion for a stay and abeyance.

  In the pending motion, counsel explains that petitioner filed a direct appeal challenging his judgment of conviction for engaging in lewd acts upon a child. Thereafter, petitioner received information directly from the District Attorney's Office of an Internal Affairs investigation that indicates a detective involved in petitioner's case had elicited false statements regarding sexual abuse from a minor in a manner so prejudicial as to result in the imposition of discipline against that detective. Petitioner's counsel has been working to determine how deeply petitioner's case was affected by this detective and whether similar conduct occurred in petitioner's case. Counsel

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 5)

1

contends that petitioner's conviction was based almost exclusively on the testimony from alleged victims and that if that testimony was illegal obtained or improperly influenced, petitioner's right to a fair trial was substantially violated.  Counsel for petitioner maintains that petitioner has not engaged in dilatory litigation tactics and would receive no benefit from any delay in these proceedings. (Pet'r's Mot. for Sty. & Abeyance at 4-6.)

District courts should stay a mixed petition when "the petitioner ha[s] good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Here, the court finds that petitioner has met the criteria set forth in Rhines for the issuance of a stay.  Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice.

Accordingly, good cause having been shown, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 7) is granted;

2. Petitioner is ordered to present all of his unexhausted claims to the California Supreme Court in a state habeas corpus petition to be filed within thirty days from the date of this order;

3. This action is stayed, and the Clerk of the Court is directed to administratively close the case;

4. Petitioner shall file and serve a status report in this case on the first court day of each month; and

5. Petitioner is ordered to file a motion to lift the stay of this action within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

Dated:  March 11, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
eick2363.sty

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28